Alan J. BAYLEY and Barbara F. Bayley, Appellants,

v.

The COMMISSIONER OF INTERNAL REVENUE, Appellees.

No. 78–1421.

United States Court of Appeals, Ninth Circuit.

June 2, 1980.

Lawrence A. Aufmuth, Palo Alto, Cal. (argued), Arthur C. Rinsky, Ware, Fletcher & Freidenrich, Palo Alto, Cal., on brief, for appellants.

Wynette J. Hewett, Dept. of Justice, Washington, D. C. (argued), Michael L. Paup, Washington, D. C., on brief, for appellees.

Before GOODWIN and SKOPIL, Circuit Judges, and WILKINS *, District Judge.

PER CURIAM.

Taxpayers appeal a Tax Court judgment sustaining the Commissioner's notice of deficiency for the tax year 1968. *See* 69 T.C. 234 (1977). We affirm.

The case turns upon the application of Treas.Reg. §§ 1.61–2(d)(5) and 1.421–6(d)(2) requiring the holder of restricted stock to report the stock as income in the year in which restrictions substantially affecting value are removed.

 The shares in question were received in 1966 as compensation for promoting and organizing a corporation. California law required such shares to be restricted for sale, dividend, liquidation and certain other purposes until the release of restrictions by the corporation commissioner. The taxpayers contended in the Tax Court and here that because the restrictions are imposed by law, as distinguished from restrictions imposed by private agreement, the treasury regulation should not apply to these shares. We fail to see why the distinction should make a substantive difference in this case. If, as taxpayers contend, *Frank v. Commissioner*, 447 F.2d 552 (7th Cir. 1971), teaches otherwise, we are not persuaded that it applies to this case.

The regulation is intended in part to prevent the conversion of ordinary income for corporate promoters and managers into capital gains. It is common to issue promotional stock that is restricted for a time. While the restrictions are in effect, the shares have low value. When the restrictions are released, the shares can be sold,

sometimes for a dramatic increase in market price. For the purpose of closing the tax avoidance loophole, it makes no difference whether the corporate shares were issued in restricted form by private agreement or were issued under conditions that would cause the state to restrict them by law. In either case, the receipt of deferred compensation should be taxable in the year in which the shareholder acquires dominion and control over the shares free of the restrictions.

The Tax Court found that 1968 was the year in which the statutory restrictions lapsed. This finding withstands review under Fed.R.Civ.P. 52; and the conclusions of law are free from error.

Affirmed.