PRENTICE I. ROBINSON AND ROSALIE ROBINSON,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

CENTRONICS DATA COMPUTER CORP. AND SUBSIDIARIES,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 18038–80, 2951–82.     Filed March 13, 1984.

*Jerome S. Hertz, Elizabeth B. Burnett, David S. Crane, Steven S. Harwood,* and *Maxwell D. Solet,* for the petitioners in docket No. 18038–80.

*Dennis I. Meyer* and *Bertrand M. Harding, Jr.,* for the petitioners in docket No. 2951–82.

*Willard J. Frank* and *Richard E. Trogolo,* for the respondent.

WHITAKER, *Judge*: Before the Court are motions for partial summary judgment, in which the petitioners in both of the above-cited dockets ask us to determine whether so-called "blockage" should be taken into account in valuing shares of stock. Centronics Data Computer Corp. and Subsidiaries (Centronics), petitioner in docket No. 2951–82, contends that blockage constitutes a "restriction" which by its terms will lapse and thus should be excluded from the determination of fair market value of the stock under section 83(a)(1).[1] The petitioners in docket No. 18038–80 claim that blockage is not a restriction at all; rather, they assert, it is a factor that consistently has been considered over the years in determining fair market value. Respondent agrees with petitioners Robinson. For the following reasons, we also agree with petitioners Robinson. Accordingly, we grant the Robinsons' motion and deny Centronics' motion.

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended.

FINDINGS OF FACT

The facts pertaining to the instant proceeding have been described in detail in our earlier opinion of *Robinson v. Commissioner*, 82 T.C. 444 (1984), and are incorporated herein by reference. Briefly stated, the stock at issue herein was obtained by Prentice I. Robinson (Robinson), one of the petitioners in docket No. 18038–80, pursuant to the exercise in 1974 of an option granted to him in 1969 by Centronics in consideration of his accepting employment by Centronics for a 5-year period. In the related case, we held that section 83 is applicable to the transaction. Under section 83(a), Robinson must include in his gross income as of March 4, 1974, the difference between the fair market value of the 153,000 shares of Centronics stock over the amount paid for it on that date. The fair market value of that stock on that date is to be determined in a subsequent proceeding. To assist the experts in formulating their testimony as to value, the parties here ask us to decide whether or not the concept of blockage, if otherwise an appropriate factor, may be utilized.

OPINION

Fair market value is the price at which property would change hands between a willing buyer and a willing seller, neither being under a compulsion to buy or sell and both having reasonable knowledge of relevant facts. *United States v. Cartwright*, 411 U.S. 546, 551 (1973). Where stock is listed and freely marketed on a recognized exchange, the mean price between the high and low trading prices on a given date is usually the fair market value for that date. *Meyer v. Commissioner*, 46 T.C. 65, 106 (1966). Blockage, if proven, may alter that figure.

The term "blockage" is simply a shorthand reference to the fact that—

the size of the block of stock to be valued in relation to the number of shares changing hands in sales may be relevant in determining whether selling prices [of small blocks of stock] reflect the fair market value of the block of stock to be valued. [Sec. 20.2031–2(e), Estate Tax Regs.]

We, along with other courts, and finally respondent, have long recognized that where a block of stock is so large that it cannot

be sold in the appropriate securities market within a reasonable time without seriously depressing the market, the normal selling price, for example the quoted prices on a stock exchange at which small blocks of stock actually changed hands, should be discounted. See, e.g., *Safe Deposit & Trust Co. of Baltimore v. Commissioner*, 35 B.T.A. 259 (1937), affd. 95 F.2d 806 (4th Cir. 1938); *Estate of Damon v. Commissioner*, 49 T.C. 108, 117 (1967).

Under section 83(a), a restriction which will lapse is not taken into account in valuing shares of stock received as consideration for services. Hence, Centronics asserts that blockage is a restriction which will lapse; thus it is not to be taken into account in the valuation determination. Robinson argues that blockage is simply not a restriction of any kind. We agree with Robinson. A "restriction" is not defined per se in section 83, although the regulations thereunder define a "nonlapse restriction" in part as a "permanent limitation on the transferability of property." Sec. 1.83–3(h), Income Tax Regs. We have held that a restriction includes both contractual and statutory limitations upon transferability. *Pledger v. Commissioner*, 71 T.C. 618 (1979), affd. 641 F.2d 287 (5th Cir. 1981).[2]

Blockage has no defined life, but—as with other purely economic market factors—it may appear and disappear as to a block of stock of a specific size, although the potential for a blockage effect is always present if the necessary conditions coalesce. The very phrasing of the parenthetical language of section 83(a)—"determined without regard to any restriction other than a restriction which *by its terms* will never lapse" (emphasis added)—indicates that, in order for something to be a "restriction," it must contain "terms" which indicate whether or not it lapses. Unlike every condition held to be a restriction under section 83, blockage does not have any "terms." Nor is it a principle of law, legal limitation, or even a rule of economic theory. *Safe Deposit & Trust Co. of Baltimore v. Commissioner, supra* at 263; compare *Horwith v. Commissioner*, 71 T.C. 932 (1979). Thus, it is not a "limitation" at all

---

[2]We also have stated that sec. 16(b) of the Securities Exchange Act of 1934 constitutes a restriction under sec. 83. *Horwith v. Commissioner*, 71 T.C. 932, 939 (1979). However, as is clear from the discussion of blockage which follows in the text, we do not believe that sec. 16(b) and the concept of blockage merit parallel treatment.

within the intendment of the applicable regulations. It restricts neither the transferability of shares nor the ownership of proceeds from their sale. It is simply a factor affecting market value. Cf. sec. 20.2031–2(e), Estate Tax Regs.; sec. 25.2512–2(e), Gift Tax Regs.

We also note that Centronics has cited no case in which blockage was held to be a restriction or other than an aspect of the determination of fair market value. The cases upon which Centronics relies, with which we are in full accord, relate to contractual restrictions or legal restrictions under Federal securities laws. See *Pledger v. Commissioner, supra; Sakol v. Commissioner,* 67 T.C. 986 (1977), affd. 574 F.2d 694 (2d Cir. 1978), cert. denied 439 U.S. 859 (1978). It is a far cry from contractual or statutory provisions which limit a shareholder's ability to dispose of his stock or legal deterrents against "insider trading" and the phenomenon of "blockage."[3] Robinson, on the other hand, correctly notes that this Court has held that blockage does not constitute a restriction within the meaning of section 1.421–6(d)(2)(i),[4] Income Tax Regs. *Frank v. Commissioner,* 54 T.C. 75 (1970), affd. 447 F.2d 552 (7th Cir. 1971).

While not directly on point,[5] in the absence of contrary case law pertaining to the meaning of the term "restriction" under section 83, our holding in *Frank* provides a useful analogy. In that case, the taxpayer's expert had testified that the taxpay-

---

[3]To the extent that Centronics would have us hold that any factor which may decrease fair market value is a limitation (and thus a restriction) insofar as it discourages the shareholder from selling his stock, we cannot agree. To so hold would require us in a different set of circumstances to find, for example, that the level of interest rates or the profitability of a given company constitute restrictions within the meaning of sec. 83. This would result in a vast expansion of sec. 83 to a degree clearly never intended by Congress.

[4]That subsection provided in pertinent part:

If the option is exercised by the person to whom it was granted but, at the time an unconditional right to receive the property subject to the option is acquired by such person, such property is subject to a *restriction which has a significant effect on its value,* the employee realizes compensation at the time such restriction lapses or at the time the property is sold or exchanged, in an arm's length transaction, whichever occurs earlier, and the amount of such compensation is the lesser of—

(a) The difference between the amount paid for the property and the fair market value of the property (determined without regard to the restriction) at the time of its acquisition, or

(b) The difference between the amount paid for the property and either its fair market value at the time the restriction lapses or the consideration received upon the sale or exchange, whichever is applicable. * * *

[Emphasis added.]

[5]Sec. 83(e)(1) provides that sec. 83 "shall not apply to * * * a transaction to which section 421 applies." Thus the two sections are mutually exclusive.

er's stock was subject to a restriction which had a significant effect on its value under the above-cited regulation in part because the taxpayer's holdings of stock were quite large. 54 T.C. at 95. We rejected this argument, stating:

The fact that petitioner's holdings were large would not appear to constitute in and of itself a "restriction" upon the marketability of petitioner's stock within the intendment of the regulations but merely a factor to be considered in determining the market value of such stock. [*Frank v. Commissioner*, 54 T.C. at 96.]

We see no relevant distinction between our holding in *Frank* pertaining to regulations under section 421 and the issue before us. Thus, to the extent that we have addressed the question, we have held that blockage is not a restriction.[6]

We conclude that blockage is not a restriction within the meaning of section 83(a)(1)[7] and thus, if the facts warrant, may be taken into account in determining the fair market value of Robinson's stock.

*Appropriate orders will be entered.*

---

[6]We note that in *Bayley v. Commissioner*, 69 T.C. 234 (1977), affd. 624 F.2d 884 (9th Cir. 1980), we indicated disagreement with the Seventh Circuit's holding in affirming *Frank v. Commissioner*, 54 T.C. 75 (1970), affd. 447 F.2d 552 (7th Cir. 1971), that restrictions arising by operation of securities laws were not "restrictions." 69 T.C. at 244. We did not, however, indicate any disagreement with our holding below that the large size of taxpayer's holdings was not a restriction. See 69 T.C. at 243.

[7]We do not, therefore, need to address the second question presented concerning whether blockage constitutes a nonlapse restriction.